IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | Case No. | CR-12-297-R |
| | ) | | CIV-16-72-R |
| BANI MORENO, | ) | | |
| Defendant. | ) | | |

# ORDER

Before the Court is Defendant Bani Moreno's "Federal Rule of Civil Procedure, Rule 59(e) Motion." Doc. No. 951. Upon review, the Court determines that Defendant's Rule 59(e) Motion is in fact a second or successive § 2255 motion and the Court therefore lacks jurisdiction to consider it. Further, had the Court had jurisdiction, it would have determined the Motion lacks merit.

## I.  Background

Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 on January 29, 2016. Doc. Nos. 935, 936. The Court ordered a response from the Government, which was filed on March 2, 2016. Defendant's reply was due 7 days thereafter, on March 9, 2016. Having received no reply from Defendant, on March 11, 2016, the Court issued an order and a judgment denying Defendant's motion (collectively, "March Order"). Doc. Nos. 945, 946. On March 14, 2016, the Court received Defendant's reply[1] dated March 10, 2016. Doc. No. 947, 947-4. Defendant now moves under Rule 59(e) for the court to

---

[1] Defendant refers to this as a "sur-reply," however, since it was filed in response to the Government's response, it is more appropriately considered a reply.

1

alter or amend its judgment, arguing that the Court did not have the benefit of his reply when it ruled, and seeks the issuance of a certificate of appealability as to his previous motion to vacate.

## II. Defendant's Motion is a Second or Successive § 2255 Motion

At the outset, the Court must first determine whether Defendant's Motion is a "true" Rule 59(e) motion or a second or successive habeas petition. If it is the latter, the Court lacks jurisdiction to hear it without authorization from the Tenth Circuit. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading" without prior approval); *see also United States v. Vazquez*, 615 F. App'x 900, 901-02 (10th Cir. 2015) (same). A motion is a "true" Rule 59(e) motion if:

> it either challenges only a procedural ruling of the habeas court *which precluded a merits determination of the habeas application*; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge *does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*.

*Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 425, 532 & n.4 (2005)) (emphasis added); *see also Nelson*, 465 F.3d at 1147 (applying *Gonzalez* to successive motions filed under § 2255); *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) (Rule 59(e) which "presented substantive argument reasserting a federal basis for relief from his underlying conviction," requires prior authorization in order to be filed).

Defendant asks this Court to reconsider its March Order in light of arguments he raised in his reply brief in support of his § 2255 claim. This effectively challenges the substance of this Court's decision on his § 2255 claim and is therefore a second or successive habeas petition which the Court lacks jurisdiction to hear.

**III.    Defendant's Motion Would Otherwise Fail on the Merits**

Even if the Court had jurisdiction over Defendant's Motion, it would be subject to denial. Defendant urges this Court to reconsider its March Order in light of the arguments he made in his reply brief. The reply brief largely restates arguments he made in his opening brief and would not compel a different result. The few arguments that are a direct reply to the Government's response, and are therefore not restatements, do not compel a different result.

The first relates to Defendant's contention that his counsel was ineffective because he failed to inquire as to the citizenship of grand and petit jury members. Defendant contended in his reply brief that because the Government failed to substantively address this argument, it should be presumed that his jury was comprised of non-United States citizens. Doc. No. 947, at 2. In support of this contention, he cites to *White v. Ragen*, 324 U.S. 760 (1945). However, in that case, the Supreme Court instructed that the allegations of a habeas petition were to be presumed true when the Court did not request or receive a response from the respondent. 324 U.S. at 763. *White* does not apply to these proceedings, as the Court ordered and received a response from the Government. Even if *White* applied, the allegation that would be presumed true would be that Defendant's counsel failed to inquire about the citizenship, not that jury members were not United

3

States citizens. Any such failure, as the Court previously concluded, is not sufficient to show ineffective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. No. 945, at 2. Defendant failed to provide any proof that a juror was not a United States citizen or show that a failure to inquire resulted in prejudice. *Id.* Prejudice was particularly lacking, given that a prospective juror's citizenship is established by the court's screening process. *See http://www.okwd.uscourts.gov/juror-information/general-notice/.*

Defendant's next argument involved his *Doyle* claim. In *Doyle*, Supreme Court concluded that impeaching petitioners' using their post-arrest silence violated their due process rights. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). Citing *Doyle*, Defendant argued that his counsel was ineffective because he failed to ask for a mistrial or a curative instruction after the prosecutor elicited testimony concerning Defendant's post-arrest refusal to answer further questions without an attorney present. In reply to the Government's response, Defendant directed the Court to the last page of the Tenth Circuit's Order and Judgment on his direct appeal, in which the Tenth Circuit did not consider his ineffective assistance of counsel claims but dismissed them without prejudice. The Court considered this when issuing its March Order, noting the same. Doc. No. 945, at 3. Accordingly, this argument would not have compelled a different result.

Finally, Defendant claimed a structural error occurred because the district court did not administer the trial oath to the jurors. *Id.* However, the Court issued both a voir dire and a jury oath. (Doc. No. 776, at 19 (voir dire oath); Doc. No. 759, at 22 (trial oath)). Accordingly, this argument fails.

4

## IV. Certificate of Appealability

In his reply brief, Defendant sought a certificate of appealability ("COA") to appeal his motion to vacate. Issuance of a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this showing by establishing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A petitioner need show only that the issues raised are debatable among reasonable jurists; a court "should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Id.* at 337. Defendant has not made a substantial showing of the denial of a constitutional right as required under § 2253(c)(2); thus he is not entitled to a COA.

## V. Conclusion

The Court finds that Defendant's Motion was a second or successive § 2255 motion and therefore it lacks jurisdiction to consider it. The Court has considered the factors for determining whether to transfer the unauthorized successive § 2255 motion to the Tenth Circuit or to dismiss it, and concludes it should be DISMISSED. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court further finds that Defendant is not entitled to a COA under 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED, this 10th day of May, 2016.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE