UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANI MORENO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CR-12-297-R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Bani Moreno's Petition for Writ of Error *Coram Nobis* [Doc. No. 1258]. The Court ordered Respondent United States of America to respond [Doc. No. 1259], which it did [Doc. No. 1264]. For the reasons that follow, the Petition is DENIED.

### BACKGROUND[1]

On June 5, 2013, Petitioner was found guilty of one count of conspiracy to possess methamphetamine with intent to distribute, two counts of using a communication device to facilitate a drug transaction, one count of distribution of methamphetamine, and one count of possession of methamphetamine with intent to distribute [Doc. Nos. 529, 533]. *United States v. Moreno*, 607 F. App'x 775, 776 (10th Cir. 2015). He was sentenced to a term of imprisonment of 151 months followed by five years of supervised release [Doc. No. 666]. He appealed and his conviction was affirmed. *Moreno*, 607 F. App'x at 779.

---

[1] Because Petitioner is proceeding pro se, the Court construes his Petition liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

1

Over the last decade, Petitioner has filed numerous post-conviction motions, including four petitions for writ of *habeas corpus* [Doc. Nos. 936, 951]; No. CIV-25-14-R, Doc. No. 1; No. CIV-25-52-R, Doc. No. 1, multiple motions for documents related to his trial [Doc. Nos. 1055, 1089, 1128, 1170], and a motion to reduce his sentence [Doc. No. 1062]. A motion for reconsideration and appeal followed most denials [Doc. Nos. 968, 1058, 1071, 1072, 1160, 1173]; No. CIV-25-14-R, Doc. Nos. 22, 24; No. CIV-25-52-R, Doc. Nos. 29, 31. His sentence was eventually reduced to 131 months [Doc. No. 1068]. He was released from prison in September of 2022, and was subsequently deported with roughly five years remaining on his term of supervised release. Doc. No. 1258 at p. 2.

Petitioner now seeks a writ of *coram nobis* to vacate his 2013 conviction on grounds that newly discovered evidence proves that his trial was undermined by Respondent's withholding of relevant evidence, as well as Respondent's coercion and enticement of a witness that testified against Petitioner. *Id*. at p. 1. Specifically, Petitioner contends that Respondent threatened a witness with a more severe punishment if the witness did not cooperate in violation of *Giglio v. United States*, 405 U.S. 150 (1972), withheld the plea supplements of other testifying witnesses that would have memorialized similar treatment in violation of *Giglio* and *Brady v. Maryland*, 373 U.S. 83 (1963), as well as lab reports that would have separated Petitioner from the subject methamphetamine, also in violation of *Brady*. *Id*. at p. 1, 5.

## LEGAL STANDARD

"[T]he All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to continue to issue the writ [of *coram nobis*] in extraordinary cases, including to address invalid

convictions which have continuing consequences when the petitioner has served his or her sentence and is no longer 'in custody' sufficient to invoke a *habeas corpus* proceeding under 28 U.S.C. § 2255.'" *Embrey v. United States*, 240 F. App'x 791, 793-94 (10th Cir. 2007) (citing *United States v. Morgan*, 346 U.S. 502, 506-13 (1954)). To obtain a writ of *coram nobis*, a petitioner must satisfy the following prerequisites:

(1) Diligence in the pursuit of his claim;

(2) The unavailability or inadequacy of other remedies and forms of relief; and

(3) The error to be corrected is fundamental in nature.

*Id*. at 794 (citing *Morgan*, 346 U.S. at 511-12).

## DISCUSSION

### A. Petitioner is not "in custody."

Generally, "a movant serving a term of supervised release remains 'in custody' for purposes of § 2255…and cannot file a coram nobis proceeding." *United States v. Estrada*, 580 F. App'x 672, 673 (10th Cir. 2014) (internal citations and quotation marks omitted). However, deportation terminates custody. *See United States v. Camick*, No. 17-3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017). So because Petitioner is no longer in custody due to his deportation, a writ of *coram nobis* is the proper avenue for Petitioner to obtain his requested relief.

### B. Petitioner cannot satisfy the requirements of a *writ of coram nobis*.

To support his Petition, Petitioner provides an affidavit attested to by Alfredo Resendiz-Avila [Doc. No. 1258-1]. Resendiz testified against Petitioner at Petitioner's trial in 2013. *Id*. ¶ 8. In his Affidavit, Resendiz states that he agreed to testify against Petitioner

3

because he "was led to believe that doing so would lead to [Resendiz] receiving a less severe prison sentence in [Resendiz's] criminal case." *Id*. ¶ 9. Resendiz continues that he remembers "sending a note about the Moreno Case" while he was "housed at the Grady County Jail." *Id*. ¶ 10. He states that in his note, he said that "the United States threatened [him] with being labeled as the number one in the conspiracy and that they would seek a sentence of at least 25-years if [he] did not cooperate with their investigation." *Id*. ¶ 11. Resendiz acknowledges that he could not identify Petitioner at trial. *Id*. ¶ 12. The affidavit is dated August 26, 2022. *Id*. at Notary Acknowledgment. The Affidavit forms the basis for Petitioner's requested relief. Doc. No. 1258 at p. 1.

Assuming that Petitioner did not have access to this information prior to his initial § 2255 petition,[2] at minimum, he possessed the Affidavit for over two years before bringing it to the Court's attention. Doc. No. 1258 at Notary Acknowledgment. This delay forecloses a finding of due diligence, *see United States v. Gaddis*, 200 F. App'x 817, 818 (10th Cir. 2006), and "[t]he exercise of due diligence in seeking a writ of coram nobis is 'a prerequisite to relief.'" *United States v. Robinson*, 597 F. App'x 551, 552 (10th Cir. 2015) (quoting *Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989)). So Petitioner's request fails on the first ground.

But even if Petitioner had diligently pursued his *Giglio* and *Brady* claims, he still fails to demonstrate that the trial error—if any—was fundamental in nature.

---

[2] Respondent claims that the Affidavit shows that Resendiz sent Petitioner a note while housed in Grady County Jail. Doc. No. 1264 at p. 10. However, the Affidavit mentions only that Resendiz sent a note—not to whom the note was sent. Doc. No. 1258-1.

4

To obtain a writ of *coram nobis*, a petitioner must establish that the error at trial was "fundamental." *United States v. Thody*, 460 F. App'x 776, 778 (10th Cir. 2012) (citing *Morgan*, 346 U.S. at 511-12; and *Embrey*, 240 F. App'x at 793-94). An error is "fundamental" if it "'resulted in a complete miscarriage of justice.'" *United States v. Perceval*, 563 F. App'x 592, 594 (10th Cir. 2014) (quoting *United States v. Vasquez*, 515 F. App'x 757, 758 (10th Cir. 2013)). "[A]bsent a complete miscarriage of justice, and where there have been no serious, fundamental violations of [a petitioner's] constitutional rights, society's interest in finality would not be served by granting [a writ of *coram nobis*]." *United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986).

Petitioner challenges his conviction on grounds of constitutional violations in the way Respondent secured witness testimony, failed to divulge lab reports regarding the methamphetamine in his case, and failed to share plea supplements of cooperating witnesses. Doc. No. 1258 at p. 8. Petitioner has failed to establish a fundamental error for the following reasons:

- Resendiz was just one of a number of witnesses,[3] and Petitioner presents no evidence that these additional witnesses were coerced or enticed into cooperating;

---

[3] Petitioner contends that the "government's case rested almost entirely on testimony from three cooperating witnesses[.]" *Id.* at p. 2. That is not accurate. Respondent called nearly 20 witnesses. Doc. No. 713 at p. 3; Doc. No. 714 at p. 101; Doc. No. 715 at p. 363; Doc. No. 716 at pp. 528-29; Doc. No. 717 at p. 717. Some of these witnesses included law enforcement officers that either interviewed Petitioner or were conducting surveillance when Petitioner executed the methamphetamine sale leading to his conviction. Additionally, the jury heard numerous incriminating phone calls between Petitioner and Zamarripa. *Moreno*, 607 F. App'x at 777-78.

- The purported plea supplements[4] do not exist; and

- Petitioner fails to demonstrate that the lab reports were not turned over in discovery.

At bottom, nothing Petitioner has presented changes the Tenth Circuit's observation over a decade ago that the evidence of his guilt is "overwhelming." *Moreno*, 607 F. App'x at 778. So any error did not result in a fundamental miscarriage of justice.

Accordingly, Petitioner fails to meet his burden of establishing the requirements to support a writ of *coram nobis*, and his Petition is therefore denied.

**C. Filing restrictions are appropriate in this case.**

It was twice recommended that the Court impose filing restrictions upon Petitioner, and twice the Court has declined to do so. Both times, Petitioner was admonished that further frivolous filings could result in the imposition of filing restrictions. No. CIV-25-14, Doc. No. 20 at p. 3; No. CIV-25-52, Doc. No. 27 at p. 3. He was not deterred. Accordingly, Petitioner is hereby barred from further filings related to his 2013 convictions in the United States District Court for the Western District of Oklahoma unless he is either represented

---

[4] Each of the witnesses that he names in his Petition entered into plea agreements that were (1) publicly available on the record; (2) explicitly acknowledged cooperation with the government; and (3) were publicly available before Petitioner's trial. *See* No. CR-12-236-R, Doc. No. 133, ¶ 11 (Resendiz); No. CR-12-231-R, Doc. No. 133, ¶ 11 (Zamarripa); No. CR-12-297-R, Doc. No. 440, ¶ 11 (Perez). So Petitioner's counsel had the relevant information necessary to impeach their credibility at the time of Petitioner's trial—and in fact, all three were impeached based on their plea agreements during the trial, albeit by co-defendant counsel. *See* Doc. No. 715 at pp. 491 (Resendiz); Doc. No. 716 at pp. 547-48 (Resendiz); Doc. No. 716 at pp. 662-63 (Perez); Doc. No. 717 at pp. 788-90 (Zamarripa). Additionally, as Respondent notes, the requirement to file plea supplements under seal was not in effect at the time of Petitioner's trial [Doc. No. 1264-2].

by a licensed attorney or first obtains permission to proceed *pro se*. To obtain such permission, Petitioner must do the following:

(1) File a petition with the Clerk of this Court requesting leave to file a pro se action, attaching a copy of the order imposing restrictions;

(2) Include in the petition a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this Court, with a statement indicating the current status or disposition of each proceeding; and

(3) File with the Clerk a notarized affidavit reciting the issues he seeks to present, including a description of the claims he is asserting, and a short statement of the legal basis asserted for such claims. The affidavit must also certify his good faith in bringing the proposed action and that his arguments are not frivolous and are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

The Clerk will forward these documents to the undersigned judge, or, if appropriate, the Chief Judge of the Western District of Oklahoma, for review to determine whether to permit the pro se action. Without the undersigned's approval, the matter will be dismissed. If the undersigned approves the filing, the matter will proceed in accordance with the Federal Rules of Civil Procedure and the Court's local rules.

## CONCLUSION

Accordingly, the Petition is DENIED.

IT IS SO ORDERED this 14th day of August, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE